Weinbrenner's Estate.   Appeal of the Fidelity Insurance, Trust & Safe Deposit Company, Guardian of Hazel Marie Weinbrenner, in re Estate of David Weinbrenner, Deceased.

*Wills—Trust and trustees—Perpetuities.*

A will creating a trust for two of testator's grandchildren and then providing for a limitation over " in case either of my said grandchildren shall happen to die, whether in my lifetime or after my death, without leaving any child or the issue of any deceased child living at their death, or if leaving such child or issue, all of them shall die under the age of twenty-one years without issue," does not violate the rule against perpetuities, inasmuch as the contingencies must happen, if at all, within twenty-one years after the end of a life which was in being at the death of the testator.

Argued Jan. 21, 1896.   Appeal, No. 156, July T., 1895, by The Fidelity Insurance Trust & Safe Deposit Company, Guardian of Hazel Marie Weinbrenner, in re estate of David Weinbrenner, deceased, from decree of O. C. Phila. Co., Jan. T., 1879, No. 110, sustaining exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

From the record it appeared that David Weinbrenner died September 28, 1876, leaving to survive him, among others, one John H. Weinbrenner, a grandchild, one of the devisees under his will.

Since the death of the decedent, John H. Weinbrenner mar-

ried Florence May Cox. The issue of said marriage is Hazel
Marie Weinbrenner, who survives the said John H. Weinbren-
ner, who died January 20, 1894. The question before the court
was whether the trust created under the will of David Wein-
brenner was not in violation of the statute against perpetuities.
The auditing judge decided that the trust was invalid.

The material portions of the will were as follows :

"One other full equal fifth part of my residuary estate afore-
said, I give, devise, and bequeath unto my executors hereinafter
named and the survivor of them, and the heirs, executors, ad-
ministrators and assigns of such survivor, in trust, to collect
and receive the interest and income, net rents, and profits thereof,
and when and as the same shall be got in and received by them,
to pay over the same during the minority of my grand-children
Matilda Weinbrenner and John Henry Weinbrenner, children
of my son Henry C. Weinbrenner, deceased, unto their mother
Mary Weinbrenner, widow of my said son, to be by her applied,
as well for her own support as the support, education, and main-
tenance of my said grand-children during their minority, respec-
tively ; and upon their arriving at the age of twenty-one years
respectively, to pay over said interest and income, net rents and
profits aforesaid, unto my said grand-children, in equal parts
and shares, during the remainder of the term of their respective
lives ; the share of my grand-daughter, Matilda Weinbrenner,
to be paid over to such person or persons as she, whether covert
or sole, shall appoint from time to time to receive the same, by
any revocable instrument under her hand, and not by way of
anticipation ; and in default of such appointment being made,
then into the proper hands of my said grand-daughter, notwith-
standing coverture ; and in case of such coverture for her sepa-
rate use ; and the receipt of such person so appointed, or of my
said grand-daughter, not making any such appointment, shall
only be a sufficient receipt and discharge therefor : *Provided*,
That such interest and income, net rents and profits, shall not
be liable to the debts, contracts, or engagements of my said
grand-daughter, or the debts, contracts, or engagements of any
husband she may have or take ; and in trust either to pay the
share of my said grand-son of and in the interest and income,
net rents, and profits aforesaid, to my said grand-son, John
Henry Weinbrenner, or, at the discretion of my said trustees,

to apply the same for his maintenance or subsistence, in such way and manner as that the same shall not be liable for his present or future debts, or attached, assigned, or in any wise diverted from the objects of this trust—

"And from and immediately after the decease of my said grand-children respectively, then in trust as respects the remainder in fee of the share of each of my said grand-children respectively, being one equal moiety of and in the one-fifth part of my residuary estate aforesaid, to and for the only proper use and behoof of such of their children as may be living at their decease respectively, and the issue of any such child or children who may then be deceased, their heirs, executors, administrators, and assigns, in equal shares, but so that the issue of any such deceased child shall receive only the same share which the said decedent would have taken if living;

"And in case either of my said grand-children shall happen to die, whether in my life-time or after my death, without leaving any children or the issue of any deceased child, living at their death, or if leaving such child or issue, all of them shall die under the age of twenty-one years, without issue, then, and in such case, the part and share of and in my residuary estate aforesaid, intended for such one so dying, and his or her children, as aforesaid, shall go to the survivor of them, my said grand-children, and his or her children, their heirs, executors, administrators, and assigns, so, however, that the said share of my residuary estate aforesaid, shall be held by my said trustees for the use of such survivor for life, with remainder to his or her children in fee, under the same trusts, provisions, and limitations as are above made to apply to his or her original share: *Provided always*, that in case both my said grand-children shall happen to die, whether in my lifetime or after my death, without leaving any child or children, or the issue of any deceased child living at their death, or if leaving such child or issue, all of them shall die under the age of twenty-one years without issue, then it is my will that the part and share of my estate aforesaid, intended for my said grand-children and their children, as foresaid, as well that originally hereby given as that which shall hereafter accrue under the provisions of this will, shall be deemed and taken to be part of my residuary estate."

Exceptions to the adjudication were sustained, ASHMAN, J., filing the following opinion:

The testamentary gift was in trust to pay the income to the two grandchildren of the testator equally for their respective lives, and on their several deaths in trust as to the corpus for the use of such of their children as should be living at their death, and the issue per stirpes of any who should be dead; and in case either of said grandchildren should die without leaving any children or issue of any deceased child living at such death, or if leaving such child or issue all of them should die under the age of twenty-one, without issue, then the part intended for the one so dying should go the survivor of such grandchildren.

The limitation over was construed by the auditing judge to be upon the death of issue generally, a contingency which would have been undoubtedly too remote. But the issue intended were only those of a child who had died in the lifetime of the grandchild, and not as a then living child, the language of the will being, "In case either of my said grandchildren shall die without leaving any children or the issue of any deceased child living at their death." This contingency must certainly be determined at the death of the grandchild. The alternative contingency "if leaving such child or issue all of them shall die under the age of twenty-one years, without issue," must as certainly happen within the period of twenty-one years after the death of the grandchild. The case is perhaps anomalous, because it is entirely possible that the daughter of the deceased grandchild (whose share is now in dispute) may marry and have a child and die in her minority, and that the child shall also die within twenty-one years after the death of its grandparent. We shall then have representatives of two generations, both of them born after the death of the testator, and both of them dying within the time prescribed by the rule. This possibility was noted in the adjudication, but inasmuch as it must happen, if at all, within twenty-one years after the end of a life which was in being at the death of the testator, it cannot impair the validity of the limitation.

The exceptions are sustained, and the adjudication and decree of distribution are corrected accordingly.

*Error assigned* was sustaining exceptions to adjudication.

*E. Hunn Hanson, S. E. Caven* with him, for appellant.—The bequest of the remainder interest to the children or issue of the testator's grandchildren was a gift to them as a class : Minnig v. Batdorff, 5 Pa. 503 ; and in each case, if it is void as to any of the class, it is void as ·to all: Porter v. Fox, 6 Sim. 485 ; Blagson v. Hancock, 16 Sim. 371 ; Fawley v. Geddes, 1 Russ. & M. 203; Hillyard v. Miller, 10 Pa. 326 ; Mergenthaler's App., 15 W. N. C. 441.

*Hood Gilpin,* for appellee.—The rule against perpetuities is not violated by this will: Perry on Trusts, sec. 379 ; Phila. v. Girard, 45 Pa. 9 ; Barclay v. Lewis, 67 Pa. 316 ; Phillips's App., 93 Pa. 45 ; Pepper's App., 120 Pa. 235 ; Rhodes' Est., 26 W. N. C. 233.

PER CURIAM, February 3, 1896 :

There was no error in construing the residuary clause of the testator's will and holding that the trust provisions thereof, as to Hazel M., minor daughter of John H. Weinbrenner, are valid and not violative of the rule against perpetuities. We affirm the decree on the opinion of the learned court below, and dismiss the appeal with costs to be paid by the appellant.